FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 MAR 12 PM 4: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

DAVID RAY DESTAFINO,          )
                              )
        Plaintiff,            )
                              )
vs.                           )          CIVIL ACTION NUMBER
                              )
STATE OF ALABAMA, et al.,     )              97-C-2796-S
                              )
        Defendants.           )

ENTERED   *Dwб.*

MAR 1 2 1998

## MEMORANDUM OPINION

Plaintiff David Ray Destafino brings this action against the State of Alabama ("the State"), Wallace State Community College ("WSCC"), and various WSCC officials in their individual and official capacities, challenging the decision by WSCC officials to deny him a completion form for the course EMS 248. The federal claims are predicated on 42 U.S.C. § 1983 and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The State and WSCC have moved to dismiss the complaint on grounds of absolute or sovereign immunity.

Plaintiff was admitted to WSCC's Emergency medical Technician ("EMT") program on September 10, 1993.[1]  From 1994 until

---

[1] For purposes of the motion to dismiss, the court must accept as true the allegations of the complaint. *See* 5 A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 304 (2d ed. 1990). The court realizes, in view of the submissions of the defendants in support of their motion to dismiss, that some of the "facts" recited herein are, at the least, disputed.

the spring quarter of 1996, plaintiff passed his courses and was on the Dean's List for several semesters. He received his basic EMT certificate in February 1994 and his intermediate EMT certificate in April 1994.  As of the summer of 1996, he has a grade point average ("GPA") of 3.41 on a scale of 4.0.

Plaintiff took the EMS-248 Didactic Skills course in the summer of 1996.  The course was taught by defendant Daryl Eustace, the EMS Program Director at WSCC.  Although he scored 72 on the final examination, plaintiff was informed that he had been involuntarily withdrawn from the course by Eustace.  This involuntary withdrawal violated the WSCC withdrawal policy.

Until November 1996, the minimum passing grade for paramedic courses was 70% under state regulations and requirements. After that date, the minimum passing grade was raised - presumably to a level higher than the 72 which the plaintiff scored on the EMS-248 final exam.

A "C" average (which covers scores between 70-79) is required of all students, pursuant to the WSCC Student Handbook.

The plaintiff appealed Eustace's unilateral decision to deny credit for the EMS-248 course to WSCC's Judicial Committee. Defendant Bill Moss was the only member of the Committee, who appeared for the appeal hearing.  At the hearing, Dr. Moss told plaintiff that he had already made his decision to uphold the denial of credit for the course, and that the absent members would likewise vote to uphold the decision.

2

Plaintiff took the EMT National Registry Examination [for paramedics] in March 1997.  However, his examination cannot be graded because WSCC officials will not provide a course completion form for WMS-248.

I

Viewing the complaint in a light most favorable to the plaintiff, the State must be dismissed because it is absolutely immune from the plaintiff's claims for damages under the doctrine of sovereign immunity.  *See, e.g., Alabama v. Pugh*, 438 U.S. 781 (1978); *Edelman v. Jordan*, 415 U.S. 651 (1974).  Likewise, as an arm or instrumentality of the State of Alabama, WSCC is absolutely immune to suits for damages. See, e.g., Auer v. Robbins, 117 S.Ct. 905, 908 n.1 (1997); *See also Crosby v. Hospital Auth. of Valdosta and Lowndes County*, 93 F.3d 1515, 1521 (11th Cir. 1996).

In their official capacities, the individual defendants are entitled to official immunity. *See, e.g., Simmons v. Conger*, 86 F.3d 1080 (11th Cir. 1996); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th cir. 1997).

The complaint does not state a specific claim against individual defendants Melvin Hastings, LaDonna Allen, and Dr. James C. Bailey, as required by Fed. R. Civ. P. 8(a)(2).

3

The complaint does not sufficiently identify the "clearly established constitutional right" allegedly violated by defendants Daryl Eustace and Dr. Bill Moss to avoid their claims of qualified immunity.    For that reason, their motion for a more definite statement is due to be granted.

By separate order, the motion to dismiss will be granted in part, and the motion for a more definite statement will be granted.

DONE this _____ day of March, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

4